CITY OF NEW YORK v. INTERSTATE PAVING CO. et al.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

MUNICIPAL CORPORATIONS (§ 368*)—PAVING CONTRACTS—CONSTRUCTION—ACCEPTANCE.

> Where a contract for the paving of a street which consisted of two driveways required the contractor to maintain it in good condition for five years after completion and acceptance, and the pavement on one driveway was completed and accepted two years before the completion of the other, the delay on the second being due to no fault of the contractor, the five-year period for the repair of the first driveway began to run from its acceptance, and not from the completion of the second.
>
> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 901; Dec. Dig. § 368.*]

Action by the City of New York against the Interstate Paving Company and others. Submitted controversy. Judgment for defendants.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Adrian T. Kiernan, of New York City, for plaintiff.
E. D. Lee, of Utica, for defendants.

DOWLING, J. This is a submission of controversy pursuant to section 1279, Code of Civil Procedure. The defendant Interstate Paving Company, which for the sake of brevity will hereafter be called the "contractor," on October 13, 1905, entered into a contract in writing with the city of New York whereby it agreed, for the sum of $225,000, to regulate and pave, with asphalt block, White Plains Road from Morris street to the city line, in the borough of the Bronx, city of New York, and to maintain the said pavement in good con-

---

dition, to the satisfaction of the president of said borough, for the period of five years "from the date of the completion and acceptance thereof." The distance so to be paved was about three miles. There was a railroad company operating a double-track electric surface railway over White Plains Road for the distance in question. White Plains Road is divided into an easterly and a westerly driveway, with a grass plot or parkway in the center thereof. The contractor entered upon the easterly driveway and closed the same from Gun Hill Road, and by July 1, 1906, had fully completed its work thereon from Gun Hill Road to 227th street, according to the terms and provisions of the contract. It then, in further compliance with the contract, covered the completed pavement with sand and barricaded the same against any use by the public and continued its further work to the north thereof. Meantime independent contractors, Malloy and Rexford, were regulating and grading the westerly driveway. The sand placed upon the surface of the street was blown about to the annoyance of the adjacent residents, causing complaint to city officials. About September 1, 1906, the engineer in charge of the work, acting on behalf of the borough president, directed the contractor to clear away the same from the completed driveway and to remove the barricades, stating that the street cleaning department would not clean the street until it had been accepted by the city. With this direction the contractor complied, and on September 8, 1906, the engineer of highways of the borough, representing plaintiff and in charge of the work, advised the district superintendent of street cleaning that the portion of White Plains Road in question was in condition for acceptance by that department and requested him to take charge of same, whereupon he entered thereupon, caused it to be cleaned, and has continued to keep it cleaned. At the same time the easterly roadway referred to was "thereupon thrown open to the public, and was thereafter and ever since used by the public in general for all street purposes." It further appears that White Plains Road is one of the principal thoroughfares leading northerly to the city line, and that the traffic thereon is heavy.

As the result of the construction of a sewer and the required moving of its tracks by the Union Railway Company (both causes beyond the control of the contractor), the final completion of the entire contract was not had until some two years after September 8, 1906. The contractor duly performed its requirement of maintenance and kept the pavement of the easterly roadway to 227th street in proper repair until September 8, 1911. Thereafter notice was given it to make certain repairs, which it refused to do upon the ground that the period of maintenance had expired. The question involved in this controversy is whether it is correct in that contention; plaintiff claiming that the contractor was bound to keep the pavement for the whole extent of the contract distance in repair for a period of five years from the date of the completion of all the work. We do not think the contract can reasonably be so construed. As has been stated, the requirement is that the pavement shall be kept in good condition to the satisfaction of the borough president for the period of five years

from the date of completion and acceptance thereof. When the portion of the easterly roadway from Gun Hill Road to 227th street was sanded and inclosed, it was concededly fully completed in all respects according to the terms of the contract. The city was under no compulsion to accept a part of the work; it could have waited for the completion of the whole extent of paving. But it chose in the exercise of its care for the public interest, to take possession of the finished portion, accept it, and exercise complete control over its restoration to public use. The second element of acceptance was then supplied, and the period of maintenance began to run from that date, viz., September 8, 1906, expiring September 8, 1911.

Judgment is therefore directed for the defendants, without costs. All concur.